**Rolandi CAKULI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–3635, A77–426–958.**

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

John Ryder Dillon, Grosse Pointe Farms, MI, for Petitioner.

Daniel E. Goldman, Linda S. Wendtland, Allen W. Hausman, John S. Hogan, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GILMAN and ROGERS, Circuit Judges; and FORESTER, District Judge.*

## ORDER

Rolandi Cakuli, a native and citizen of Albania, petitions for review of a decision by the Board of Immigration Appeals (BIA) that affirmed a decision of an Immigration Judge (IJ) to deny Cakuli's application for asylum and withholding of removal. Cakuli has been deemed to have waived oral argument because he failed to respond to this court's show cause letter concerning the waiver of such argument. The government has expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cakuli entered the United States on April 25, 1998, without inspection. The Immigration and Naturalization Service began removal proceedings in January 1999. Cakuli conceded removability and applied for asylum and withholding of removal. An IJ held a hearing in September 1999. Cakuli testified that he was imprisoned and beaten by the communist government in the late 1980s, worked for the Democratic Party in the 1990s, and was beaten by police in February 1998 because of his participation in a hunger strike. The IJ found that Cakuli was not credible and that he was not entitled to asylum or withholding of removal. The BIA held that Cakuli had established past persecution by the communist government, but that the government had rebutted the presumption of future persecution by introducing evidence of changed conditions in Albania. The BIA determined that the February 1998 incidents did not rise to the level of persecution, and found that Cakuli's past persecution was not so severe that asylum should be granted on humanitarian grounds. Cakuli filed a timely petition for review.

In his petition for review, Cakuli argues that: (1) the IJ and the BIA abused their discretion and/or committed clear legal error when they determined that Cakuli did not possess a well-founded fear of future persecution due to changes in country conditions in Albania; (2) the BIA abused its discretion and/or committed clear legal error when it determined that Cakuli had not suffered enough past persecution by the communists to make him eligible for asylum, as it believes that country conditions in Albania have allegedly improved; and (3) the IJ abused his discretion and/or committed clear legal error when he determined that Cakuli was not credible and had not sufficiently corroborated his application for asylum and withholding of removal.

We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

petition for review merely because we would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

 Upon review, we conclude that the petition for review must be denied because the BIA's conclusions are supported by substantial evidence. Although Cakuli and his family suffered under the former communist regime, he did not demonstrate that the incidents in February 1998 were part of that persecution. The State Department reports in the record show that, with the collapse of the communist government and the institution of political reforms, the conditions in Albania have changed to such an extent that Cakuli's past persecution does not support a well-founded fear of future persecution. Moreover, the BIA did not abuse its discretion when it declined to grant Cakuli humanitarian asylum based solely on his past persecution. *See Klawitter v. INS*, 970 F.2d 149, 153 (6th Cir.1992); *Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989). Finally, because Cakuli did not establish eligibility for asylum, he did not meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 431–32, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

For the foregoing reasons, we deny the petition for review.